**Victoria Ann LIDIE et al., Appellants,**

v.

**STATE OF CALIFORNIA et al., Appellees.**

**No. 26845.**

United States Court of Appeals, Ninth Circuit.

April 10, 1973.

Daniel S. Brunner (argued), Legal Aid Foundation of Long Beach, San Pedro, Cal., for appellants.

Edward M. Belasco, Deputy Atty. Gen. (argued), Lee D. Barker, Deputy County Counsel (argued), Evelle J. Younger, Atty. Gen., John D. Maharg, County Counsel, Los Angeles, Cal., for appellees.

Before BROWNING and GOODWIN, Circuit Judges, and EAST,* District Judge.

ALFRED T. GOODWIN, Circuit Judge:

Plaintiffs, representing a class of applicants for food stamps, brought action against the State of California, the County of Los Angeles, and certain named officials, seeking declaratory and injunctive relief and damages.

The state participates in the Federal Food Stamp program. The food stamp legislation required state plans submitted to the Secretary of Agriculture to provide that "the State agency shall undertake the certification of applicant households in accordance with the general procedures and personnel standards

---

* The Honorable William G. East, United States District Judge for the District of Oregon, sitting by designation.

used by them in the certification of applicants for benefits under the federally aided public assistance programs * * *." 7 U.S.C. § 2019(e)(2) (1970), subsequently amended, Act of October 30, 1972, Pub.L. No. 92–603, § 411(d), 86 Stat. 1491.

Department of Health, Education and Welfare regulations required benefits under the federally aided public assistance programs to be provided within 30 days of the application. H.E.W. Handbook of Public Assistance Administration, Part IV, 2300(b). Plaintiffs assert that state and local officials had not followed this timetable in the administration of the food stamp program.

## I. JURISDICTION

The first question is whether the district court, and therefore this court, has jurisdiction of the action. Plaintiffs relied for jurisdiction on 28 U.S.C. § 1343 and 42 U.S.C. § 1983. Because they did not allege the deprivation of any constitutional rights, their complaint raised in acute form the question left unanswered in King v. Smith, 392 U.S. 309, 312 n. 3, 88 S.Ct. 2128, 20 L.Ed.2d 1118 (1968): whether 28 U.S.C. § 1343 gives the federal courts jurisdiction to hear purely statutory claims.

■ In a supplementary brief, plaintiffs have requested leave to amend their complaint in this court so that it will assert the deprivation of a constitutional right. They also claim jurisdiction under 28 U.S.C. § 1337. Although amendment in the court of appeals is unusual, and not a practice to be encouraged, we believe that a substantial saving in judicial time and labor justifies the amendment in this case. 28 U.S.C. § 1653; Barrow Development Co. v. Fulton Insurance Co., 418 F.2d 316, 12 A. L.R.Fed. 420 (9th Cir. 1969). We grant leave to amend.

■ The amended complaint states facts establishing jurisdiction under the "Act of Congress regulating commerce" provision of § 1337. The food stamp program has been held to be such an act.

Moreno v. United States Department of Agriculture, 345 F.Supp. 310, 313 (D.D. C.1972), prob. juris. noted, 409 U.S. 1036, 93 S.Ct. 526, 34 L.Ed.2d 485 (1972); Murphy v. Colonial Federal Savings and Loan Ass'n, 388 F.2d 609 (2d Cir. 1967). We need not reach the claim that federal jurisdiction is based upon a denial of a constitutional right.

## II. RIGHT TO RELIEF

The district court dismissed the action, holding that: (1) the defendants had violated no federal law in their processing of food stamp applications; (2) there was no actual controversy, because those plaintiffs entitled to receive food stamps had gotten them; (3) the plaintiffs had not established a class of persons entitled to relief, for they had not shown that the defendants had in any case wrongfully failed to provide food stamps within 30 days; and (4) the plaintiffs had failed to show that any of them came within the class which they sought to establish.

■ The district court's dismissal was error. The action is not moot if either the class action for an injunction or the demand for damages survives. Powell v. McCormack, 395 U.S. 486, 89 S.Ct. 1944, 23 L.Ed.2d 491 (1969); Norman v. Connecticut Board of Parole, 458 F.2d 497 (2d Cir. 1972). There is a live issue regarding plaintiffs' claim for damages.

At the time this action was brought, the 30-day rule was binding on the Secretary of Agriculture. The 30-day period ran from the date the agency received an expression of the applicant's desire to receive aid.

If the food stamp program were run by the Department of Health, Education and Welfare, the 30-day rule would be mandatory. Rodriguez v. Swank, 318 F.Supp. 289 (N.D.Ill., 1970), aff'd per curiam, 403 U.S. 901, 91 S.Ct. 2202, 29 L.Ed.2d 677 (1971); Like v. Carter, 448 F.2d 798 (8th Cir. 1971), cert. denied, 405 U.S. 1045, 92 S.Ct. 1309, 31 L.Ed.2d 588 (1972). The 30-day rule was one of

the "Requirements for State Plans" in the H.E.W. Handbook, Part IV, § 2200(b)(3). The regulations which stated that the 30-day period terminated when "the applicants * * * receive their first assistance check * * *" and which limited the circumstances under which the state agency could delay for more than 30 days were among the "Criteria for the Administration of the Plans," H.E.W. Handbook, Part IV, § 2300. While no "assistance checks" are involved in the food stamp program, the equivalent would appear to be the "Authorization to Purchase" card given to recipients rather than the mere submission of recipients' names to the "District Food Stamp Budget Unit."

■ At the time the action was commenced, the Secretary of Agriculture did not purport to vary the H.E.W. standards or adjust them to the needs of his program, but, by a regulation repeating the statutory language referring to the H.E.W. standards, adopted those standards as his own. 7 C.F.R. § 1601.1(g) (1970). Under the regulation, we hold that an applicant eligible for stamps was entitled to receive them within 30 days of his application.

### III. SCOPE OF REMEDY

■ But the abstract right to relief, upon a proper showing, does not end the matter. Plaintiffs are not entitled to the injunctive relief they seek, for two reasons: (1) at the time this action was brought the individual plaintiffs were not proper representatives of a class; and (2) changes in the relevant regulations since the action was filed have deprived the plaintiffs' contentions of their original force.

■ The claims and defenses of these so-called representative parties are not typical of the claims and defenses of the alleged class within the meaning of Fed.R.Civ.P. 23(a)(3). Given the many disputed factual issues peculiar to individual plaintiffs, a class action is not warranted under Fed.R.Civ.P. 23(b)(3). The H.E.W. regulation relied on by the

plaintiffs contemplates that the 30-day time limit will be exceeded "in unusual situations * * * in a small percentage of cases * * *." H.E.W. Handbook, Part IV, § 2300(b)(6). The situations of the original plaintiffs, Cooley, Lidie, and Jordan, appear to be unusual. Cooley was not eligible for food stamps at all, because he ate a majority of his meals in restaurants. Lidie and Jordan had been on the food stamp rolls, but were dropped for failure to use the stamps. The delay they complain of was in their attempt at recertification. There were also many disputed factual issues concerning each of their applications.

■■ Nor could the plaintiffs' "Motion to Amend" have cured their problem. The motion was actually a motion to intervene by several additional plaintiffs. Motions to intervene are liberally granted in mootness situations to avoid the problem of the granting of selective relief by defendants and the avoidance of the "dismissal or compromise" provisions of Fed.R.Civ.P. 23(e). But where the original plaintiffs were never qualified to represent the class, a motion to intervene represents a back-door attempt to begin the action anew, and need not be granted. Washington v. Wyman, 54 F.R.D. 266 (S.D.N.Y.1971).

■ The heart of the class action is the preponderance of questions of law and fact common to the plaintiffs seeking to assert the rights of the alleged class. The new parties sought to be interjected into the action could not enhance the common cause, and would add to the idiosyncratic problems presented by the original plaintiffs. The class action was correctly denied.

Even if there had been a proper basis for proceeding as a class action, there is a further reason for denying injunctive relief in this case.

During the pendency of this action, the Secretary of Agriculture, pursuant to his authority to issue regulations and to "formulate and administer" a food stamp program, 7 U.S.C. § 2013, published regulations which accepted in part

and rejected in part suggested reforms similar to the claims of the plaintiffs in this case. 7 C.F.R. §§ 270, 271 (1972). Also during this litigation, the Food Stamp Act was amended to eliminate the requirement that the Secretary of Agriculture's processing procedures be the same as those of the Department of Health, Education and Welfare. Act of October 30, 1972, Pub.L. No. 92–603, § 411(d), 86 Stat. 1491. The new regulations of the Secretary of Agriculture recognize the 30-day time limit, but require a more formal application than did the old H.E.W. regulations and require only notification, not assistance, to be given after 30 days. Because of the "necessarily forward looking nature of any injunctive relief," DeBremaecker v. Short, 433 F.2d 733, 735 (5th Cir. 1970), plaintiffs would now have to show that these new rules are invalid in order to obtain an injunction requiring stamps to be given 30 days after application. *Cf.* Thorpe v. Housing Authority of Durham, 393 U.S. 268, 89 S.Ct. 518, 21 L. Ed.2d 474 (1969). Upon remand, the prayer for injunctive relief should be deleted, unless plaintiffs make such a showing.

### IV. STATE LIABILITY

Defendants argue that because the Secretary had approved their plan an action will not lie against the state. The defendants also argue that because the food stamp program's standards are derived from H.E.W. regulations this action is, essentially, a dispute between two federal agencies. However, federal approval of the state statutory and regulatory scheme does not render the state's administration of its program any less "state action" within the meaning of 42 U.S.C. § 1983. There was agency approval in Rosado v. Wyman, 397 U.S. 397, 90 S.Ct. 1207, 25 L.Ed.2d 442 (1970), and in King v. Smith, *supra,* but an action against a state official was still a proper way to test the legality of the state plan.

Plaintiffs' claims for money damages for delay raise the Eleventh Amendment problem on which the cir-

cuits have disagreed. Jordan v. Weaver, 472 F.2d 985 (7th Cir., 1973); Rothstein v. Wyman, 467 F.2d 226 (2d Cir. 1972). However, defendants did not assert this defense in the district court. It is clear that the state's sovereign immunity, if it exists, can be waived. By not raising the defense at an appropriate time, the state waived whatever protection, if any, the Eleventh Amendment might have provided in this case. We need not decide now whether the Second Circuit or the Seventh Circuit correctly resolved the Eleventh Amendment issue.

We remand the action to the district court for further proceedings to determine whether the alleged delay was justified by the special circumstances presented by each of the individual claims. If a particular delay was not justified, a successful plaintiff will be entitled to restitution measured by an issue of stamps or a payment of cash in the value of the stamps he would have received during the period of any wrongful delay.

Reversed and remanded.