Alvin C. **WILSON**, Plaintiff-Appellant,

v.

**STATE OF NEVADA; State of Nevada Department of Motor Vehicles; and Nevada State Personnel Division, Defendants-Appellees.**

No. 80–5568.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 4, 1981.

Withdrawn from Submission Nov. 23, 1981.

Resubmitted Dec. 4, 1981.

Decided Jan. 22, 1982.

Nripendra N. Singh, Johnnie B. Rawlinson, North Las Vegas, Nev., for plaintiff-appellant.

Robert Ulrich, Larry B. Bernard, Carson City, Nev., for defendants-appellees.

Before CHOY and ANDERSON, Circuit Judges, and KEEP,* District Judge.

J. BLAINE ANDERSON, Circuit Judge:

## I. FACTS

On July 23, 1974, appellant Wilson applied for the job of Motor Carrier Field Agent with the Nevada State Personnel Division, an agency of the State of Nevada. Wilson's application was rejected on September 3, 1974, for his failure to meet the high school education requirement. Other "personnel requirements" were not evaluated at that time. After exhausting his remedies with the Equal Employment Opportunity Commission (EEOC),[1] Wilson filed his complaint on July 7, 1978, alleging that the appellees' high school education requirement constituted an unlawful employment practice in violation of 42 U.S.C. § 2000e–2(a)(1) in that the requirement imposes a disparate impact upon black job applicants. Wilson's complaint also alleges a violation of 42 U.S.C. § 1981, asserting that the rejection of his application denied him his right to make and enforce contracts enjoyed by white citizens. He asked for relief in the form of an injunction against the appellees preventing them from enforcing the educational requirement, an order requiring the appellees to hire him and grant him seniority and other privileges that he would have obtained in the absence of the alleged discrimination, and for damages for loss of earnings and monetary benefits that he would have received had he been hired.

In the summer of 1979, Wilson obtained a General Educational Development (G.E.D.) high school equivalent educational certifi-

---

* The Honorable Judith N. Keep, United States District Judge for the Southern District of California, sitting by designation.

1. The EEOC issued a finding of reasonable cause to believe that the charge of discrimina- tion was true on May 23, 1977, and the Civil Rights Division of the Justice Department issued to Wilson the Notice of Right to Sue Within 90 Days letter on April 10, 1978.

cate which satisfies the appellees' educational requirement for the position of Motor Carrier Field Agent. On the basis of this fact,[2] the district court, *sua sponte*, dismissed Wilson's action as moot.

On this appeal, Wilson argues that his action is not moot because his complaint states a claim for damages, and that because of this, he retains the right to assert his claim for an injunction enjoining appellees from enforcing the educational requirement. We agree that Wilson's claims for damages and related relief[3] are not moot, and, accordingly, reverse the district court in this respect. However, we affirm the district court's dismissal of Wilson's complaint to the extent that it requests an injunction against the enforcement of the high school educational requirement.

## II. DISCUSSION

### 1. *Mootness of Entire Controversy*

█ Wilson argues that even if his attainment of the educational requirement prevents him from receiving injunctive relief at this point,[4] his claims for damages nonetheless survive. He relies primarily

upon *Powell v. McCormack*, 395 U.S. 486, 89 S.Ct. 1944, 23 L.Ed.2d 491 (1969). In that case, the Court decided that even though Adam Clayton Powell had been excluded from the 90th Congress, and the injunctive relief he sought was moot since he had been re-elected to the 91st Congress, his claim for damages for past salary withheld during the 90th Congress required a determination of that claim on the merits and, therefore, the case was not moot. In the instant case, Wilson claims damages in an amount that would have accrued to his benefit had he obtained employment with appellees.

While the factual differences between *Powell* and the instant cases are many, the rule generated from *Powell*, that a plaintiff's claims as to money damages survive regardless of the mootness of any claim for declaratory or injunctive relief, directly applies to Wilson's claim here. *See also, Bond v. Floyd*, 385 U.S. 116, 87 S.Ct. 339, 17 L.Ed.2d 235 (1966) (although plaintiff's request for injunctive relief was moot since the Georgia State Legislative session had expired, plaintiff Bond's case was not moot since he would receive back pay if success-

---

**2.** Appellees argue that the record does not adequately identify the factual basis for the district court's *sua sponte* order dismissing Wilson's action as moot because the district court failed to comply with Fed.R.Civ.P. 52(a). Implied in appellees' argument is a request for this court to vacate the order of the district court and remand for factual findings regarding the dismissal for mootness.

Although we remand this case to the district court, we do so by reaching the merits of the mootness issue. First, the district court's dismissal for mootness can best be characterized as a dismissal for lack of subject matter jurisdiction. Even though the parties submitted cross motions for summary judgment under Rule 56, the ultimate dismissal order is more akin to an order in response to a Rule 12(b) motion to dismiss for lack of subject matter jurisdiction. In any case, "Findings of fact and conclusions of law are unnecessary on decisions of motions under Rule 12 or 56 or any other motion except as provided in Rule 41(b)." Fed.R.Civ.P. 52(a). Moreover, we may proceed to decide the mootness dismissal "if a complete understanding of the issues may be had without the aid of separate findings." *Swanson v. Levy*, 509 F.2d 859, 861 (9th Cir. 1975).

Practically, understanding the issue is not difficult. Wilson's attainment of a high school

equivalent G.E.D. certificate after the commencement of this action (*see* Pre-Trial Order at 5, ¶ 27) apparently formed the basis for the district court's conclusion that the action is moot. Our understanding is aided by the materials submitted by the parties, including Wilson's Motion for Reconsideration and the parties' briefs.

**3.** In addition to his claim for an injunction against enforcement of the education requirement, Wilson asks to be hired with all attendant privileges, including seniority and for monetary relief in the form of back pay, etc. Although we find Wilson's request for an injunction against enforcement of the education requirement moot, we refer to the balance of his claims as damages and related relief in order for the district court to clearly understand that as for these claims, the district court may order such relief as may be demonstrated by the evidence and provided for by law.

**4.** Wilson does not concede that he can no longer obtain an injunction against the defendants for their application of the high school education requirement. *See* Section II.2 of this Opinion for a discussion of this issue.

ful); *Memphis Light, Gas and Water Div. v. Craft*, 436 U.S. 1, 98 S.Ct. 1554, 56 L.Ed.2d 30 (1978) (although plaintiffs no longer sought the injunctive relief of hearings before termination of utility service, their claim for actual and punitive damages arising from the terminations saved the cause of action from the bar of mootness); *Flagg Brothers, Inc. v. Brooks*, 436 U.S. 149, 98 S.Ct. 1729, 56 L.Ed.2d 185, n.3 (1978) (even though injunction against threatened sale of stored goods by warehouseman under state law was no longer needed, the case was not moot because plaintiffs claimed monetary damages).

This circuit, as we must, has also followed the mootness rule as expressed by the United States Supreme Court above. In *Moore v. Johnson*, 582 F.2d 1228 (9th Cir. 1978), a case in which the plaintiffs were contesting the procedures used by the Veterans Administration in relocating patients, the court stated that even if the relocation had already occurred (which was not clear from the record), "[t]he complaint, . . . contains a prayer for damages which actual relocation neither will extinguish nor make moot." *Id.* at 1232. In an earlier case involving a class action, the plaintiffs requested declaratory and injunctive relief and damages against the State of California and the County of Los Angeles on a claim that the above agencies were not following HEW regulations regarding the Food Stamp program. This court remarked, "The action is not moot if either the class action for an injunction *or the demand for damages survives.*" *Lidie v. California*, 478 F.2d 552 (9th Cir. 1973) (citations to *Powell v. McCormack* and others omitted; emphasis supplied).

In the instant case, Wilson seeks to be made whole for loss of earnings and monetary benefits which he would have received had defendants not discriminated against him. Even though Wilson achieved the equivalent of a high school education and can no longer receive any benefit from an injunction ordering appellees to halt enforcement of the requirement, his claims involving monetary and related relief place his case clearly within the rule stated in

*Powell v. McCormack* and cases of this circuit.

Appellees rely solely upon *Sosna v. Iowa*, 419 U.S. 393, 95 S.Ct. 553, 42 L.Ed.2d 532 (1975), a class action in which Sosna, who had recently moved to Iowa, sought declaratory and injunctive relief from the Iowa divorce laws which contained a one-year durational residency requirement in order to file divorce actions in Iowa. By the time Sosna's appeal reached the U. S. Supreme Court, the one year had passed and she was no longer blocked by the requirement. Appellees contend that *Sosna* is analogous to this case and compels dismissal for mootness. They argue that, like the residency requirement that no longer imposed any barrier to Sosna, the high school educational requirement no longer imposes any barrier to Wilson.

In assessing appellees' argument, it is necessary to consider what transpired in *Sosna*. In *Sosna*, the Court found that Sosna's claim was not moot because she had filed a class action and the Court stated that a claim "does not inexorably become moot by the intervening resolution of the controversy as to the named plaintiffs." 419 U.S. at 401, 95 S.Ct. 558, 42 L.Ed.2d 541. The Court did note that had Sosna sued only on her own behalf, her one year residency in Iowa and the fact that she had obtained a divorce elsewhere would have mooted the case. Appellees rely upon the dicta embodied in the statement that Sosna's claim would have been moot had she sued on her own behalf. Wilson sues on his own behalf in the instant case. However, it must be noted that *Sosna* did not ask for any monetary damage as relief, which would have brought into play the law as enunciated in *Powell v. McCormack, supra*, above. Because of this, appellees' reliance on *Sosna* is misplaced. We must, therefore, reverse the district court's dismissal of Wilson's request for damages and related relief.

### 2. *Mootness as to Injunctive Relief Sought*

■ Appellant additionally asserts that his claim for injunctive relief is not moot.

This assertion proceeds from the assumption that once a plaintiff's controversy as a whole is saved from an adjudication of mootness due to a request for monetary relief as well as a request for injunctive relief, that a plaintiff may continue to litigate the propriety of the issuance of an injunction although such an injunction would provide no relief to the named plaintiff personally. Some authority lends credence to this assertion, at least to the extent that a district court, in its discretion, may continue to hear the injunctive claim in certain exceptional cases.[5] We do not feel, however, that this is one of those cases.

Wilson's complaint seeks to "enjoin Defendants [appellees] from requiring a high school education as a condition to employment as a Motor Carrier Field Agent." Wilson argues that even though the education requirement no longer imposes a barrier as to him, that he should be allowed to litigate the injunctive claim as "the only effective means to insure full and deliberate adjudication of the issues" raised in his action, citing *Grossberg v. Deusebio*, 380 F.Supp. 285 (D.C.Va.1974).

In *Grossberg*, plaintiffs, who were graduating high school students and their parents, sought to enjoin the reading of an invocation and benediction at a high school graduation ceremony, claiming violations of the Establishment Clause. Although plaintiffs had graduated by the time the case was heard, the court held that the case was not moot since "there is no reason to believe that any future student would have a greater chance of availing himself of the full judicial process." 380 F.Supp. at 292. The court reasoned that the nine-month school period would prevent any graduating student from fully litigating the First Amendment issue if the high school continued to read religious material at graduation ceremonies and students were not apprised of such fact until the announcement of the program for the ceremonies.[6] Although the court in *Grossberg* admitted that the case did not present a set of facts capable of repetition as to the plaintiffs (*Grossberg* was not a class action) and thus did not bring the case within the "capable of repetition yet evading review" doctrine of *Southern Pacific Terminal Co. v. ICC*, 219 U.S. 498, 31 S.Ct. 279, 55 L.Ed. 310 (1911), and *Roe v. Wade*, 410 U.S. 113, 93 S.Ct. 705, 35 L.Ed.2d 147 (1973), the court allowed the graduated students to continue to litigate the request for injunctive relief as "the only effective means to insure full and deliberate adjudication of the Establishment issues they raise." 380 F.Supp. at 292. For the last proposition, the court in *Grossberg* cited *Eisenstadt v. Baird*, 405 U.S. 438, 92 S.Ct. 1029, 31 L.Ed.2d 349 (1972), and *Barrows v. Jackson*, 346 U.S. 249, 73 S.Ct. 1031, 97 L.Ed. 1586 (1953).[7] Those two cases stand for the narrowly applied doctrine of limited standing of particular plaintiffs to assert the rights of third persons.

5. *See generally*, 13 Wright, Miller & Cooper, Federal Practice and Procedure, § 3533 (1975), at 272–73 n. 49:
   "When damage claims preserve a suit for injunctive relief against mootness, the viability of the claim for injunctive relief must be determined according to discretionary injunction principles."

6. The court in *Grossberg* admits in note 1 at 308 F.Supp. at 292 that one of the parent plaintiffs had another child at the same high school who was only a sophomore and, as to this child, his ruling of non-mootness was particularly correct.

7. In *Eisenstadt*, a pharmacist, who had personally handed a package of contraceptive foam to a young woman and was thereby convicted under a Massachusetts statute that made it unlawful to sell, lend, or give away any contraceptive drug to any unmarried person, was allowed to assert the rights of unmarried persons since these were the persons denied access to the drugs without threat of conviction, and the pharmacist who was subject to conviction could adequately represent their rights. *Barrows* involved an action by certain owners of real estate who were parties to a restrictive covenant against another such owner for selling his property to a non-Caucasian, an alleged breach of the covenants. The Court evoked an exception to the rule that a plaintiff could not argue the rights of third persons by allowing the defendant owner to assert the civil rights of his buyers since it would be nearly impossible for the black buyers to do so.

Without questioning the holding in *Grossberg* and its application of *Eisenstadt* and *Barrows* to the facts of that case, we think it is difficult to find *Grossberg* and the instant case analogous. Although neither case was a class action, and, in both cases, a status was achieved by the plaintiffs that made an injunction ineffective as to both plaintiffs, it is not true, as asserted by Wilson, that he is the only effective voice that could obtain the injunction against defendants. The circumstances of the instant case do not provide as compelling a set of facts as those in *Eisenstadt* and *Barrows* or even *Grossberg* for application of the doctrine of allowing one plaintiff to litigate the rights of third persons.

In the instant case, Wilson is certainly not the only person who could seek to enjoin the defendants from applying the education requirement to applicants for the position of Motor Carrier Field Agent. Any person lacking a high school education could conceivably challenge the defendants' actions. Other persons, including those who do not intend to either graduate from high school or take and pass the G.E.D. certification test (or those who fail to graduate or fail to obtain G.E.D. certification), could assert the identical position asserted by Wilson, i.e., that they are qualified to perform the job without having obtained the education and that the requirement unlawfully impacts their race. The rights of others who are allegedly being discriminated against by the imposition of the high school education requirement need not be litigated by Wilson in the sense that the plaintiffs asserted third party rights in *Eisenstadt* and *Barrows*.

Had Wilson proceeded as a representative of a certified class under Fed.R.Civ.P. 23, it may have been proper to allow him to proceed with the request for injunctive relief regarding the educational requirement under *Sosna v. Iowa, supra.* However, the record presents no facts which would bring his request for injunctive relief within the mootness exceptions noted for class actions, those cases capable of repetition yet evading review, or cases in which plaintiffs have been allowed to assert the rights of third persons. We, therefore, affirm the district court's dismissal of Wilson's claims for injunctive relief against appellees regarding the enforcement of the education requirement.

## III. CONCLUSION

Wilson's achievement of the G.E.D. high school education certificate renders moot his claim for injunctive relief regarding the appellees' enforcement of the education requirement. We accordingly affirm the district court's order to the extent it dismissed this claim. Wilson's claims for damages and related relief are not affected by his educational attainment, and we therefore reverse and remand for further proceedings not inconsistent with this disposition.

AFFIRMED in part and REVERSED and REMANDED in part.