129 F.3d 127
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
ROSE, Plaintiff-Appellant,
v.
SIMI VALLEY UNIFIED SCHOOL DISTRICT, Defendant-Appellee
 No. 96-55878.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 9, 1997
Decided Nov. 3, 1997.
 
 Appeal from the United States District Court for the Central District of California Terry J. Hatter, Jr., District. Judge, Presiding
 Before O'SCANNLAIN, FERNANDEZ and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Ryan Rose appeals the district court's dismissal under Fed.R.Civ.P. 12(b)(6) of his claims against the Simi Valley Unified School District ("SimiJ Vallcy"). Rose, who is autistic, alleges that he was discriminated against in violation of the Individuals with Disabilities Education Act, 20 U.S.C. § 1400 et seq. ("IDEA"),[1] 42 U.S.C. § 1983, and California Education Code § 51500, when his speech was not selected for presentation at the 1995 Royal High School graduation ceremony. Rose seeks declaratory relief, injunctive relief, and general damages. We affirm. Because the parties are familiar with the factual and procedural background we will not detail it here.
 
 
 3
 * Simi Valley argues that Rose's claims under the IDEA are moot for the reason that he has already graduated. Under Article III of the Constitution, this court may only adjudicate ongoing, actual controversies between the named parties. Honig v. Doe, 484 U.S. 305, 317 (1988). The requirement of a live controversy exists rot only at the time the case is filed but throughout the pendency of the action. Steffel v. Thompson, 415 U.S. 452, 459 n. 10 (1074).
 
 
 4
 Because Rose graduated from high school in 1995, he is no longer protected by the IDEA. Therefore, Rose's claims for injunctive and declaratory relief under the IDEA are indeed moot. See Honig v. Doe, 484 U.S. 305, 318 (1988) (holding claim under IDEA moot as to 24-year old no longer entitled to statute's protection).
 
 
 5
 Rose argues that his case falls into the exception to the mootness doctrine for disputes that are "capable of repetition, yet evading review." Murphy v. Hunt, 455 U.S. 478, 482 (1982). Rose maintains that this dispute is "capable of repetition" because each Royal High School graduating class will contain disabled students who will be denied the opportunity to speak at graduation, yet "evading review" because these students will always graduate before their claims can be heard. Rose's argument fails because the "capable of repetition" exception requires a plaintiff to show that there is a reasonable expectation that he, and not a third party, will suffer a deprivation of legal rights. See Los Angeles v. Lyons, 461 U.S. 95, 109 (1983); Lee v. SchmidtWenzel, 766 F.2d 1387, 1390 (9th Cir.1985).
 
 II
 
 6
 Nevertheless, because Rose's IDEA claim for general damages does not depend on any threat of future harm, that claim is not moot. See Wilson v. Nevada, 666 F.2d 378, 380-81 (9th Cir.1982). The IDEA requires participating states such as California to provide disabled children with a "free appropriate public education." See 20 U.S.C. § 1400(c). In Hendrick Hudson Dist. Bd. of Educ. v. Rowley, 458 U.S. 176 (1982), the Supreme Court described a "free appropriative public education" as one "sufficient to confer some educational benefit upon the handicapped child." Id. at 200. Rose does not deny that he received "some educational benefit" as a student at Royal High School. Indeed, Rose's complaint stated that Rose had been active in student government and had won a number of scholastic awards. Therefore, under the standard articulated by the Supreme Court in Rowley, Rose's claim for general damages also fails.
 
 III
 
 7
 Finally, Rose claims that Simi Val ley discriminated against him on the basis of his disability in vio lation of California Education Code § 51500. Pursuant to 28 U.S.C. § 1367(c)(3), a district court may decline to exercise supplemental jurisdiction over a state claim if the court as dismissed all of the federal claims over which it has original jurisdiction. Imagineering, Inc. v. Kiewit Pac. Co., 976 F.2d 1303, 1309 (9th Cir.1992), cert. denied, 507 U.S. 1004 (1993). Therefore, the district court's dismissal of Rose's state claim under California Education Code § 51500 was within its discretion.
 
 IV
 
 8
 For the foregoing reasons, we affirm the judgment of the district court.
 
 
 9
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir R. 36-3
 
 
 [1]
 The IDEA was recently amended by Congress. See Individuals with Disabilities Education Act Amendments of 1997, Pub.L. No. 105-17, 11 Stat. 37 (June 4, 1997). Because these amendments were enacted after all the events giving rise to this action had taken place, this court need not consider their effect in this appeal. See Cypress Fairbanks Indep. Sch. Dist. v. Michael F., 118 F.3d 245, 247 n. 1 (5th Cir.1997). Accordingly, all references to IDEA provisions are to the law as it stood at the time of the evenrs giving rise to this appeal