### UNITED STATES of America, Plaintiff,

and

**Mark Mortenson; Disabled Rights Action Committee, a Utah non-profit corporation Plaintiffs–Intervenors—Appellants,**

v.

**ROCK SPRINGS VISTA DEVELOPMENT; J.A. Black Construction Co.; James Black Defendants–Third Party Plaintiffs—Appellees**

and

**Aurora Nold Defendant—Appellee**

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

The Keith Company;  VTN Third-party-defendants—Appellees,

No. 99–16754.
D.C. No. CV–01825–JBR (RLH).

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 14, 2001.

Decided May 8, 2001.

Before HUG, NOONAN, and W. FLETCHER, Circuit Judges.

## MEMORANDUM *

The United States filed a claim against Appellees, asserting that certain condominium complexes Appellees had constructed violated the provisions of the Fair Housing Act ("FHA") pertaining to handicapped people. Appellant Disabled Rights Action Committee ("DRAC"), a non-profit organization dedicated to ending discrimination against people with disabilities, and Appellant Mark Mortenson ("Mortenson"), a wheelchair user and member of DRAC, filed a complaint in intervention in this suit. The United States settled with Appellees. Appellees then filed a motion to dismiss Appellants' complaint in intervention for failure to state a claim. The district court granted the motion.

We hold that injunctive relief for Mortenson is not appropriate because he no longer lives in Nevada. We also hold that Mortenson's action for nominal damages must fail because he did not amend his complaint when given the opportunity to do so. We further hold that because Mortenson has no right to relief, DRAC similarly has no right to relief. Mortenson is the only individual member of DRAC involved in the suit and is therefore the only person who could support a right to relief for DRAC. We therefore affirm the district court.

## DISCUSSION

Mortenson claims that "while ... searching for housing" in Nevada he visited a condominium complex developed by Appellee Rock Springs Vista Development Corp., Inc. That development, he alleged, contained "various inaccessible conditions" from which he "sustained certain intangible injuries."

---

* This disposition is not appropriate for publication and may not be cited to or by the courts

■ Mortenson seeks injunctive relief as well as nominal but not actual damages under the FHA. *See* 42 U.S.C. §§ 3604(f)(1), (f)(2). Mortenson's attorney stated at oral argument that the injunction sought would require the developer to provide money to encourage individual condominium owners to allow their condominiums to be made accessible, because the condominiums at issue had been sold to individual owners and therefore were no longer covered by 42 U.S.C. § 3603. Even if such relief were appropriate, Mortenson's claim for injunctive relief is moot because he no longer lives in Nevada, is no longer looking for housing in Nevada, and is therefore not in a position to benefit from any increase in the number of accessible units that might result. *Wilson v. Nevada,* 666 F.2d 378, 381–83 & n. 5 (9th Cir.1982).

■ Mortenson's claim for nominal damages fails as well because he failed to state a claim upon which such relief may be granted. Mortenson's amended complaint included no allegation of injury specific to himself. He failed to assert either that he was a bona fide "buyer or renter" of a condominium in the Rock Springs Vista development, 42 U.S.C. § 3604(f)(1), or that he was discriminated against in any "terms, conditions, or privileges of sale or rental of a dwelling, or [any] provision of services or facilities in connection with such dwelling ...." 42 U.S.C. § 3604(f)(2). The district court's order clearly identifies the facts that Mortenson would have to plead in order for his complaint to state a claim. Mortenson, however, failed to move to amend his complaint in order to include such allegations.

■ DRAC contends that it has representational standing, which requires that:

---

of this circuit except as may be provided by Ninth Circuit Rule 36–3.

(a) its members would otherwise have standing to sue in their own right; (b) the interests it seeks to protect are germane to the organization's purpose; and (c) neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit.

*Associated Gen. Contractors of America v. Metro. Water Dist. of S. Calif.*, 159 F.3d 1178, 1181 (9th Cir.1998). Mortenson, a member of DRAC, has failed to show that he has a right to relief in this case. Because he is the only member of DRAC who has attempted to establish a right to relief, DRAC does not have representational standing in this case.

AFFIRMED.