**Tony D. PENWELL, Plaintiff–Appellant,**

**v.**

**Reed HOLTGEERTS, Director of RJC; et al., Defendants–Appellees.**

No. 07–35002.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 8, 2008.*

Filed Sept. 29, 2008.

---

ed by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Tony D. Penwell, Kent, WA, pro se.

King County Prosecuting Attorney's Office, Seattle, WA, Masaki J. Yamada, Esq., for Defendants–Appellees.

Before: TASHIMA, SILVERMAN, and CALLAHAN, Circuit Judges.

## MEMORANDUM **

Tony D. Penwell, a Washington state prisoner, appeals pro se from the district court's judgment in his 42 U.S.C. § 1983 action alleging that he was denied due process during a jail disciplinary proceeding. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Amerco v. NLRB*, 458 F.3d 883, 886 (9th Cir.2006). We vacate and remand.

The district court struck as moot the parties' cross motions for summary judgment on Penwell's due process claims after the defendants removed the infraction from Penwell's disciplinary record, concluding that Penwell no longer had any substantive injury. However, Penwell's amended complaint sought money damages for physical and emotional injuries. Although we express no opinion on the merits of Penwell's due process claims, we conclude that they are not moot. *See Wilson v. Nevada*, 666 F.2d 378, 380–81 (9th Cir.1982) (holding that "a plaintiff's claims as to money damages survive regardless of the mootness of any claim for declaratory or injunctive relief"); *see also Bernhardt v. County of L.A.*, 279 F.3d 862, 871 (9th Cir.2002) ("A live claim for nominal damages will prevent dismissal for mootness.").

We vacate the district court's order striking as moot the parties' cross motions for summary judgment, and remand so that the district court may consider the merits of these motions.

Each party shall bear its own costs.

## VACATED and REMANDED.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

