FILED

UNITED STATES COURT OF APPEALS

AUG 27 2012

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ANNA MARIA ALBERGHETTI; et al., | No. 10-56311 |
| Plaintiffs - Appellants, | D.C. No. 2:09-cv-05735-SVW-CW |
| v. | Central District of California, Los Angeles |
| CORBIS CORPORATION, | |
| Defendant - Appellee. | ORDER |

| | |
|---|---|
| ANNA MARIA ALBERGHETTI; BONNIE POINTER, on Behalf of Themselves and All Others Similarly Situated, | No. 10-56400 |
| | D.C. No. 2:09-cv-05735-SVW-CW |
| Plaintiffs - Appellees, | |
| v. | |
| CORBIS CORPORATION, | |
| Defendant - Appellant. | |

Before: B. FLETCHER, WARDLAW, and BYBEE, Circuit Judges.


The memorandum disposition filed on July 18, 2012 is withdrawn. A new memorandum disposition is filed concurrently with this order.

With the new memorandum disposition, all judges have voted to deny the petition for panel rehearing. The full court has been advised of the suggestion for rehearing en banc and no judge has requested a vote on whether to rehear the matter en banc. Fed. R. App. P. 35.

The petition for rehearing is DENIED and the suggestion for rehearing en banc is REJECTED. No further petitions for rehearing or rehearing en banc may be filed in this court.

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ANNA MARIA ALBERGHETTI; BONNIE POINTER, on Behalf of Themselves and All Others Similarly Situated, | No. 10-56311 |
| | D.C. No. 2:09-cv-05735-SVW-CW |
| Plaintiffs - Appellants, | |
| v. | MEMORANDUM* |
| CORBIS CORPORATION, | |
| Defendant - Appellee. | |

| | |
|---|---|
| ANNA MARIA ALBERGHETTI; BONNIE POINTER, on Behalf of Themselves and All Others Similarly Situated, | No. 10-56400 |
| | D.C. No. 2:09-cv-05735-SVW-CW |
| Plaintiffs - Appellees, | |
| v. | |
| CORBIS CORPORATION, | |
| Defendant - Appellant. | |

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Appeal from the United States District Court
for the Central District of California
Stephen V. Wilson, District Judge, Presiding

Argued and Submitted June 7, 2012
Pasadena, California

Before: B. FLETCHER, WARDLAW, and BYBEE, Circuit Judges.

Anna Maria Alberghetti and Bonnie Pointer appeal from (1) the district court's grant of summary judgment to Corbis Corp.; (2) its denial of appellants' amended motion for class certification; (3) its denial of appellants' motion to alter or amend the judgment; and (4) the award of attorney's fees to Corbis. Corbis cross-appeals the district court's denial of its motion to dismiss, its failure to award attorney's fees for Corbis's work on the motion to dismiss on copyright preemption grounds, and its use of an inappropriate hourly rate in computing attorney's fees. We have jurisdiction under 28 U.S.C. § 1291. For the reasons that follow, we affirm in part, reverse in part, and remand for recalculation of the attorney's fees award.

1. The district court properly granted summary judgment to Corbis on the ground that the appellants' claims were barred by the applicable two-year statute of limitations. *See Cusano v. Klein*, 264 F.3d 936, 950 (9th Cir. 2001) ("The statute of limitations for infringement of the right of publicity in California is two years."

(citing Cal. Code Civ. Proc. § 339)).  The single-publication rule applied to the images posted on Corbis's website, and appellants did not bring this action until August 2009, three years after the last image was posted in August 2006.  *See Oja v. U. S. Army Corps of Eng'rs.*, 440 F.3d 1122, 1133 (9th Cir. 2006) (the single publication rule should be applied to the vast majority of Internet publications).

The district court also properly held that the statute of limitations for right of publicity actions applied to appellants' claims, because the "'nature of the right sued upon,'" *Hydro-Mill Co. v. Hayward, Tilton and Rolapp Ins. Assocs.*, 10 Cal. Rptr. 3d 582, 589 (Cal. Ct. App. 2004) (quoting *Marin Healthcare Dist. v. Sutter Health*, 127 Cal. Rptr. 2d 113, 121 (Cal. Ct. App. 2002)), was appellants' rights to commercial use of their personas and likenesses.  *See* Cal. Civ. Code § 3344(a) (providing a cause of action for the unauthorized use of another's "name," "photograph," or "likeness" for commercial purposes).[1]

2.  The district court did not abuse its discretion in denying appellants' motion for class certification on due process and inadequate representation

---

[1]Corbis urges us to rule on the question of whether the district court erred in denying its motion to dismiss because the Copyright Act preempts appellants' right of publicity claim.  Because we affirm the district court's grant of summary judgment on statute of limitations grounds, we need not address this argument to resolve this appeal.  *See Golden Nugget, Inc. v. Am. Stock Exch., Inc.*, 828 F.2d 586, 590 (9th Cir.1987) (we may affirm the judgment of the district court on any basis finding support in the record).

grounds. Notice would be extremely difficult, if not impossible, for the proposed class of all California residents whose images appeared in the Corbis photography archive. *See* Fed. R. Civ. P. 23(c)(2); *Valentino v. Carter-Wallace, Inc.*, 97 F.3d 1227, 1234 (9th Cir. 1996). Moreover, both Alberghetti and Pointer asserted in their depositions that they wished to represent only artists. *See Blake v. Arnett*, 663 F.2d 906, 914 (9th Cir. 1981) ("What zeal are the representatives likely to show in defending the claims of persons whose claims the representatives wish to deny?").

3. The district court did not abuse its discretion in denying appellants' motion to alter or amend the judgment. Because the single publication rule was well-established under California law at the time appellants filed their action, *see Shively v. Bozanich*, 80 P.3d 676, 689 (Cal. 2003), appellants failed to show an "intervening change in controlling law." *United Nat'l. Ins. Co. v. Spectrum Worldwide, Inc.*, 555 F.3d 772, 780 (9th Cir. 2009) (stating the standard for altering or amending a judgment under Federal Rule of Civil Procedure 59(e)). Nor did appellants show how the district court's grant of summary judgment was so "manifestly unjust" as to justify reopening the case to allow them to add Shirley Jones as an additional named plaintiff. *Id.*; *see also Lidie v. State of Cal.*, 478 F.2d 552, 555 (9th Cir. 1973) ("[W]here the original plaintiffs were never qualified to

represent the class, a motion to intervene represents a back-door attempt to begin the action anew, and need not be granted.").

4. The district court excluded attorney's fees incurred in the preparation of Corbis's motion to dismiss on Copyright Act preemption grounds, reasoning that those expenses were not reasonably incurred because Corbis's arguments were barred by clear and controlling Ninth Circuit authority and because appellants' claims were time-barred. This latter finding was clearly erroneous. In fact, named plaintiff Judy Tenuta, whose claims were not time-barred, was still a party to the action at the time Corbis filed the motion. Moreover, under our precedent, Corbis's motion to dismiss on copyright preemption grounds was not so lacking in merit as to be unreasonable.

In calculating the lodestar, the district court used an hourly rate of $350 for both associates and partners. It reached that rate by relying solely upon figures cited in the December 2007 *National Law Journal*. However, the *National Law Journal* report referred to *national*, not California, averages. Therefore, reliance on the national rate of approximately $350 an hour was erroneous. *See Nichols v. City of Taft*, 66 Cal. Rptr. 3d 680, 687 (Cal. Ct. App. 2007) (the lodestar figure is calculated using the reasonable rate for comparable legal services in the local community). We therefore vacate the award of attorney's fees and remand for

recalculation of the award, which is to include attorney's fees for work on the motion to dismiss and the proper hourly rate.

Costs on appeal are awarded to Corbis. This disposition is without prejudice to Corbis's right to seek an award of attorneys' fees in the district court.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**