**Stephen S. MAROZSAN, Plaintiff–Appellant,**

**v.**

**UNITED STATES of America, et al., Defendants–Appellees.**

No. 94–1512.

United States Court of Appeals, Seventh Circuit.

Submitted July 16, 1996 *.

Decided July 25, 1996.

Rehearing and Suggestion for Rehearing En Banc Denied Sept. 6, 1996.

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary; accordingly, the appellant's request for oral argument is denied and the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a); Cir. R. 34(f).

Stephen S. Marozsan (submitted), South Bend, IN, for Stephen S. Marozsan.

J. Philip Klingeberger, Office of U.S. Atty., Dyer, IN, Clifford D. Johnson, Office of U.S. Atty., South Bend, IN, for U.S.

Clifford D. Johnson, Office of U.S. Atty., South Bend, IN, for Veterans Admin., R.L. Hornbarger and J. Higgins.

Before CUMMINGS, COFFEY, and FLAUM, Circuit Judges.

PER CURIAM.

*Pro se* appellant Stephen Marozsan appeals the district court's judgment in favor of

the United States of America, the Veterans Administration, and several individual defendants in this action concerning the determination of Marozsan's veterans' benefits. For the following reasons, we affirm.

This court originally addressed Marozsan's claims in *Marozsan v. United States,* 852 F.2d 1469 (7th Cir.1988) (en banc) (*"Marozsan I"*). Succinctly, Marozsan, who served in the U.S. Navy during and after World War II, challenged the 1981 determination of the Veterans Administration (VA) that he was to be considered twenty percent disabled because of a Naval-connected back injury and compensated accordingly. The *en banc* court held that 38 U.S.C. § 211(a),[1] a door-closing statute forbidding judicial review of individual veterans' benefits decisions, did not bar a constitutional challenge to the procedures the VA uses in awarding benefits. *Id.* at 1472. It remanded for further proceedings on the question of whether the VA's benefits determination procedure denied Marozsan due process. *Id.* at 1479. On remand, Marozsan was permitted to file a third amended complaint in which he added several *Bivens* claims against the United States and individual defendants. After an exhaustive and thoughtful review of the case, the magistrate judge recommended dismissing some of Marozsan's claims and granting summary judgment to the defendants on the remaining issues. *Marozsan v. United States,* 849 F.Supp. 617, 628 (N.D.Ind.1994). The district court adopted the magistrate judge's recommendation and, in its own extensive opinion, entered judgment for the defendants. *Id.* at 617.

## I. Issues foreclosed under *Marozsan I*

Several of the issues Marozsan raises in this appeal were previously ruled upon in *Marozsan I,* 852 F.2d at 1471 n. 3. We affirmed summary judgment for defendants on Marozsan's equal protection claim[2] and

affirmed the dismissal of his claims against the United States for monetary relief exceeding $10,000.[3]

■ Moreover, we have already ruled on the constitutionality of 38 U.S.C. § 211(a): we construed § 211(a) as permitting constitutional challenges expressly to preserve its constitutionality. *Marozsan I,* 852 F.2d at 1472, 1478; *see Johnson v. Robison,* 415 U.S. 361, 374, 94 S.Ct. 1160, 1169, 39 L.Ed.2d 389 (1974). We find Marozsan's other constitutional arguments unpersuasive: the statute is not a "punishment" under the terms of the Eighth Amendment, *see, e.g., Harmelin v. Michigan,* 501 U.S. 957, 111 S.Ct. 2680, 115 L.Ed.2d 836 (1991); it does not qualify as a bill of attainder, *see Dehainaut v. Pena,* 32 F.3d 1066, 1070–71 (7th Cir.1994), *cert. denied,* —— U.S. ——, 115 S.Ct. 1427, 131 L.Ed.2d 309 (1995); and the Ex Post Facto Clause is inapplicable, *see Dobbert v. Florida,* 432 U.S. 282, 292, 97 S.Ct. 2290, 2297–98, 53 L.Ed.2d 344 (1977).

■ Finally, we previously stated that "[a] veteran may obtain review, not of his individual claim determination, but of unconstitutional methods employed by the VA in arriving at that benefits decision." *Marozsan I,* 852 F.2d at 1473 n. 10. We reiterate that we cannot evaluate the merits of Marozsan's claim, and that we cannot award him retroactive benefits or direct the VA to assess him at any particular disability level. *See Czerkies v. United States Dept. of Labor,* 73 F.3d 1435, 1438 (7th Cir.1996).

## II. Dismissal under Rule 12(b)

### A. Rule 12(b)(1)

■ The district court dismissed several claims for lack of subject matter jurisdiction. It held that Marozsan lacked standing to assert claims concerning the alleged false

---

1. Since this case was originally before this court, 38 U.S.C. § 211(a) was recodified as 38 U.S.C. § 511(a). We will conform to the district court's and the parties' usage of "sec. 211(a)" for clarity.

2. Marozsan argues that § 211(a) ensures that veterans are treated differently than other groups, such as Social Security recipients, who may appeal to the judiciary. This court found

that § 211(a) bears a rational relationship to legitimate state ends. *Marozsan I,* 852 F.2d at 1471 n. 3.

3. Marozsan originally requested "retroactive benefits, restoration to his proper level of disability, and $5 million in damages." *Marozsan I,* 852 F.2d at 1471 n. 3.

testimony of VA officials before the United States Congress[4]; the VA's violation of an alleged fiduciary duty to veterans through the benefit determination system; a "symbiotic" financial arrangement between the VA and veterans' organizations; preferential treatment of veterans who are constituents of influential Congress members; Congress's failure to pass legislation affording judicial review to veterans' benefits decisions; and the VA's use of the "whole man theory of combining ratings" and "diagnostic codes of ratings." It also held that the doctrine of sovereign immunity barred the court from hearing monetary claims against the United States.

"[T]he core component of standing is an essential and unchanging part of the case-or-controversy requirement of Article III." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560, 112 S.Ct. 2130, 2136, 119 L.Ed.2d 351 (1992). To establish standing, the plaintiff must: 1) have suffered an "injury in fact," defined as "an invasion of a legally-protected interest" that is "concrete and particularized" and "actual or imminent, not conjectural or hypothetical"; 2) establish a causal connection between the conduct at issue and the injury; and 3) show that a favorable judicial decision would likely, rather than speculatively, redress the injury. *Id.* (citations and internal quotations omitted). Further, "a plaintiff raising only a generally available grievance about government—claiming only harm to his and every citizen's interest in proper application of the Constitution and laws, and seeking relief that no more directly and tangibly benefits him than it does the public at large—does not state an Article III case or controversy." *Id.* at 573–74, 112 S.Ct. at 2143.

Marozsan's contentions are hypothetical; his accusations are insufficient to conclude even that the events he alleges occurred, much less that they are connected to a specific injury he has suffered; and he does not establish how a favorable court decision would redress any such injury. Additionally,

there is no indication that the "diagnostic code of ratings," a procedural numbering system, or the "whole man" methodology, a system to rank the effect of multiple disabilities, affected Marozsan's claim in any way. These claims were properly dismissed.

The remaining jurisdictional question concerns Marozsan's *Bivens* actions and his invocation of a *respondeat superior* theory to request monetary damages against the United States. This claim was properly dismissed under the doctrine of sovereign immunity. *See Czerkies*, 73 F.3d at 1437–38; *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 510 (2nd Cir.1994). Additionally, as we previously stated, under 28 U.S.C. § 1346(a)(2), the district court may not hear claims for more than $10,000. *Marozsan I*, 852 F.2d at 1471 n. 3.

## B. Rule 12(b)(6)

Several of Marozsan's allegations fail to state a cognizable cause of action. He believes that § 211(a) violates his right of access to the courts, but there is no constitutional requirement that the federal courts hear any and every case; rather, it is within the power of Congress to limit the jurisdiction of the lower federal courts. *Sheldon v. Sill*, 49 U.S. 441, 449, 8 How. 441, 12 L.Ed. 1147 (1850) ("[H]aving a right to prescribe, Congress may withhold from any court of its creation jurisdiction of any of the enumerated controversies. Courts created by statute can have no jurisdiction but such as the statute confers."); *see* U.S. Const. Art. I, § 8, Art. III § 2. This claim was properly dismissed.

Further, Marozsan claims to have suffered a denial of his right to the assistance of counsel because of the $10 attorney fee cap previously imposed by 38 U.S.C. § 3404(c).[5] Marozsan makes no showing that he has a right to counsel in these veterans' benefits proceedings, however, or that the statute prohibits him from obtaining legal advice. Moreover, the Supreme Court has

---

4. Marozsan believes that their testimony adversely affected the passage of a bill that would otherwise have afforded judicial review of veterans' benefits.

5. This has since been replaced by a prohibition on payment of a fee for services, *see* 38 U.S.C. § 5904(c).

found this cap constitutional. *Walters v. National Ass'n of Radiation Survivors,* 473 U.S. 305, 334, 105 S.Ct. 3180, 3196, 87 L.Ed.2d 220 (1985). This claim too was properly dismissed.

## III. Summary Judgment

### A. Procedures Employed in Determining Benefits

*Marozsan I* was remanded to determine whether the VA's benefits determination procedure violates Marozsan's constitutional right to due process.[6] Marozsan points to several alleged practices that violate his due process rights, including a four-tiered quota system, a practice of discrimination against certain non-apparent injuries such as his back problem, and the VA's refusal to follow its own rules.

The district court granted summary judgment on these claims because Marozsan either failed to produce admissible evidence that such practices existed or merely continued to complain about the VA's actions in his own case, rather than focusing on its general procedures. We affirm this decision. The district court correctly chose not to consider inadmissible hearsay. *Hong v. Children's Memorial Hosp.,* 993 F.2d 1257, 1265 (7th Cir.1993), *cert. denied,* — U.S. ——, 114 S.Ct. 1372, 128 L.Ed.2d 48 (1994). Without such inadmissible material, Marozsan was left with no support for his claims of unconstitutional procedures.[7]

██ Additionally, Marozsan himself was granted adequate process under the factors described in *Mathews v. Eldridge,* 424 U.S. 319, 335, 96 S.Ct. 893, 903, 47 L.Ed.2d 18 (1976). After the VA determined that Marozsan should be considered twenty percent disabled, he was able to appeal the decision to the Rating Board. He was afforded a hearing at which he was able to testify and present evidence and at which he had an accredited representative from the Veterans of Foreign Wars. Individual defendant Higgins, a member of the Rating Board, also requested medical evidence. Marozsan was then able to appeal the Rating Board's affirmance to the Board of Veterans Appeals. There is no evidence that Marozsan's claim was denied pursuant to arbitrary policies or procedures. Although Marozsan continues to insist that his constitutional rights were violated because the VA was wrong about his disability determination, the Due Process Clause is not a guarantee against incorrect results, *Collins v. City of Harker Heights,* 503 U.S. 115, 129, 112 S.Ct. 1061, 1070, 117 L.Ed.2d 261 (1992), and § 211(a) forbids us to inquire into Marozsan's claim. Defendants were properly granted summary judgment on this claim.

### B. Bivens claims

Marozsan further asserts that several VA employees have denied him his constitutional rights during his many benefits determination proceedings and seeks to assert claims against them pursuant to *Bivens v. Six Unknown Named Agents,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). The magistrate judge identified four separate reasons for either dismissing these claims or granting summary judgment to defendants: doubt about the existence of a *Bivens* remedy in this context, the defendants' entitlement to absolute immunity, Marozsan's failure to serve all but one of the individual defendants, and statutes of limitations bars.

██ The district court correctly granted summary judgment for defendants on these claims.[8] Defendants Cowan, Gladding, Moncure, Sponzo, Hornbarger, Gardner, Shuman, and Higgins adjudicated Marozsan's veterans' benefits proceedings. Administrative hearing officers are absolutely immune from suits based on their adjudicatory decisions if process exists to safeguard the independence of their judgment. *Butz v. Economou,* 438

---

6. It is undisputed that Marozsan possesses a property interest in these veterans' benefits. 849 F.Supp. at 652.

7. We also note that many of his submissions relate only to the merits or disposition of his individual claim.

8. All individual defendants, with the exception of Higgins, also would be dismissed from the case because none except Higgins were ever served process pursuant to Federal Rule of Civil Procedure 4(j).

U.S. 478, 514, 98 S.Ct. 2894, 2914–15, 57 L.Ed.2d 895 (1978). The veterans' benefits process includes internal VA appeals and limited judicial review of constitutional questions, fulfilling the *Butz* requirement and indicating that these VA adjudicators are immune from Marozsan's damages claims. *See Marozsan I*, 852 F.2d at 1482 (Posner, J., concurring). Defendants Cleland and Walters, although as administrators not protected by the absolute immunity of adjudicators, are not subject to suit because the complaint was not filed within the applicable statute of limitations, *Loy v. Clamme*, 804 F.2d 405, 408 (7th Cir.1986) (per curiam), and it does not relate back to a timely complaint, Fed. R.Civ.P. 15(c). Summary judgment was appropriately granted in favor of the individual defendants.

## IV. Miscellaneous Issues

### A. Request for Recusal

■■■ Marozsan alleges that the magistrate judge and the district judge were biased against him and thus should have recused themselves from the case, but the only evidence he offers in support is that both the judge and magistrate judge ruled against him on several issues. This is insufficient to show impermissible prejudice. In *Liteky v. United States*, 510 U.S. 540, 554–56, 114 S.Ct. 1147, 1157, 127 L.Ed.2d 474 (1994), the Supreme Court declined to require the presence of an "extrajudicial source" of bias or prejudice in determining the propriety of recusal. Rather, it focused on "a significant (and often determinative) 'extrajudicial source' *factor*." *Id.* It emphasized that "judicial rulings alone almost never constitute valid basis for a bias or partiality motion." *Id.* There is nothing in this record, however, to indicate that either the district judge or the magistrate judge had any impermissible extrajudicially-obtained bias or prejudice against Marozsan or any extreme favoritism or antagonism toward either party, and thus there was no reason for disqualification.[9]

9. Further, although Marozsan does not specify whether he requests recusal under 28 U.S.C. § 144 or 28 U.S.C. § 455, we note that parties may only seek review of a request for recusal

### B. Seventh Amendment

■■■ In objecting to the magistrate judge's report Marozsan complained that summary disposition denied him his right to a jury trial. As discussed previously, however, Marozsan cannot assert any monetary claims against the individual defendants or against the United States, and he has no right to a jury trial on purely equitable issues, *Lac du Flambeau Band v. Stop Treaty Abuse–Wisconsin*, 991 F.2d 1249, 1254 (7th Cir.1993). Summary judgment is appropriate when there is only one logical conclusion the factfinder can reach. *Thiele v. Norfolk & Western Ry. Co.*, 68 F.3d 179, 184–85 (7th Cir.1995).

### C. Discovery Issues

■■■ Finally, Marozsan seeks to assert several discovery-related claims. First, he claims that the government committed "discovery abuse." There is no separate cause of action, however, for redressing discovery-related conduct; rather, Marozsan should have sought sanctions under Federal Rule of Civil Procedure 37. *See, e.g., Melendez v. Illinois Bell Tel. Co.*, 79 F.3d 661, 670 (7th Cir.1996).

■■■ Marozsan also objects to the discovery restrictions imposed by the district court. It is the province of the district court, however, to regulate discovery. *Jurcev v. Central Comm. Hosp.*, 7 F.3d 618, 627 (7th Cir.1993), *cert. denied*, —— U.S. ——, 114 S.Ct. 1830, 128 L.Ed.2d 459 (1994). Limiting the numbers of interrogatories, denying Marozsan's motions to compel, deciding to exclude inadmissable evidence, and denying a motion to intervene (where the intervention was for the sole purpose of introducing inadmissible material) were matters within the district court's discretion. We find no abuse of that discretion.

■■■ Finally, Marozsan protests the district court's refusal to issue subpoenas without requiring him to pay witness fees. The district court had no statutory authority to waive witness fees for indigent civil litigants

under § 455 by moving for a writ of mandamus at the time the request is denied. *United States v. Towns*, 913 F.2d 434, 443 (7th Cir.1990).

and thus its refusal to do so does not constitute an abuse of discretion. *McNeil v. Lowney*, 831 F.2d 1368, 1373 (7th Cir.1987), *cert. denied*, 485 U.S. 965, 108 S.Ct. 1236, 99 L.Ed.2d 435 (1988); *see* 28 U.S.C. § 1915.

Marozsan's motion to admit hearsay evidence is denied; his motion to correct and supplement the record on appeal is denied; and the judgment of the district court is

AFFIRMED.