106 F.3d 383
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
Robert E. BRADLEY, Plaintiff, Appellant,
v.
UNITED STATES VETERANS ADMINISTRATION, Defendant, Appellee.
 No. 96-1805.
 United States Court of Appeals, First Circuit.
 Jan. 22, 1997.
 
 APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MAINE
 Robert E. Bradley on brief pro se.
 Jay P. McCloskey, United States Attorney, David R. Collins and Margaret D. McGaughey, Assistant United States Attorneys, on Motion for Summary Affirmance for appellee.
 Before SELYA, BOUDIN and LYNCH, Circuit Judges.
 PER CURIAM.
 
 
 1
 Pro se plaintiff Robert Bradley, an incarcerated felon, appeals a district court judgment that dismissed his action challenging the Veterans Administration's decision to reduce his disability benefits pursuant to 38 U.S.C. § 5513(a)(1)(requiring temporary reduction of veterans' benefits paid to incarcerated felons). The district court dismissed Bradley's complaint on the grounds that it lacked subject matter jurisdiction under 38 U.S.C. §§ 511(a), 7252(a). After thoroughly reviewing the record and the parties' briefs on appeal, we conclude that the district court order is clearly correct.
 
 
 2
 Bradley's complaint seeks to reverse the Veterans Administration's decision to reduce his benefits based on his status as an incarcerated felon. The district court is prohibited from asserting jurisdiction over such claims by 38 U.S.C. § 511, and it is well established that Bradley may not circumvent this prohibition by asserting constitutional claims. See, e.g., Zuspann v. Brown, 60 F.3d 1156, 1159 (5th Cir.1995), cert. denied, 116 S.Ct. 909 (1996); Sugrue v. Derwinski, 26 F.3d 8, 11 (2d Cir.1994), cert. denied, 115 S.Ct. 2245 (1995); Larrabee by Jones v. Derwinski, 968 F.2d 1497, 1500-01 (2d Cir.1992); Hicks v. Veterans Administration, 961 F.2d 1367, 1370 (8th Cir.1992); Tietjen v. U.S. Veterans Administration, 884 F.2d 514, 515 (9th Cir.1989); Milliken v. Gleason, 332 F.2d 122, 123 (1st Cir.1964), cert. denied, 379 U.S. 1002 (1965). Rather, Bradley's sole remedy is through the procedures established by the Veterans Judicial Review Act, Pub. Law No. 100-687, 102 Stat. 4105 (1988). See Hall v. U.S. Dept. of Veterans Affairs, 85 F.3d 532, 535 (11th Cir.1996)(per curiam).
 
 
 3
 Bradley's contention that 38 U.S.C. § 511(a) violates Article III and his right of access to the courts is frivolous. See Marozsan v. United States, 90 F.3d 1284, 1288 (7th Cir.1996). Accordingly, the judgment of dismissal is summarily affirmed. See Local Rule 27.1.