USCA1 Opinion

 

 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 96-1805 ROBERT E. BRADLEY, Plaintiff, Appellant, v. UNITED STATES VETERANS ADMINISTRATION, Defendant, Appellee. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MAINE [Hon. D. Brock Hornby, U.S. District Judge] ___________________ ____________________ Before Selya, Boudin and Lynch, Circuit Judges. ______________ ____________________ Robert E. Bradley on brief pro se. _________________ Jay P. McCloskey, United States Attorney, David R. Collins and ________________ _________________ Margaret D. McGaughey, Assistant United States Attorneys, on Motion ______________________ for Summary Affirmance for appellee. ____________________ January 22, 1997 ____________________ Per Curiam. Pro se plaintiff Robert Bradley, an ___________ ___ __ incarcerated felon, appeals a district court judgment that dismissed his action challenging the Veterans Administration's decision to reduce his disability benefits pursuant to 38 U.S.C. 5513(a)(1)(requiring temporary reduction of veterans' benefits paid to incarcerated felons). The district court dismissed Bradley's complaint on the grounds that it lacked subject matter jurisdiction under 38 U.S.C. 511(a), 7252(a). After thoroughly reviewing the record and the parties' briefs on appeal, we conclude that the district court order is clearly correct.  Bradley's complaint seeks to reverse the Veterans Administration's decision to reduce his benefits based on his status as an incarcerated felon. The district court is prohibited from asserting jurisdiction over such claims by 38 U.S.C. 511, and it is well established that Bradley may not circumvent this prohibition by asserting constitutional claims. See, e.g., Zuspann v. Brown, 60 F.3d 1156, 1159 (5th ___ ____ _______ _____ Cir. 1995), cert. denied, 116 S. Ct. 909 (1996); Sugrue v. _____ ______ ______ Derwinski, 26 F.3d 8, 11 (2d Cir. 1994), cert. denied, 115 S. _________ _____ ______ Ct. 2245 (1995); Larrabee by Jones v. Derwinski, 968 F.2d __________________ _________ 1497, 1500-01 (2d Cir. 1992); Hicks v. Veterans _____ ________ Administration, 961 F.2d 1367, 1370 (8th Cir. 1992); Tietjen ______________ _______ v. U.S. Veterans Administration, 884 F.2d 514, 515 (9th Cir. ____________________________ 1989); Milliken v. Gleason, 332 F.2d 122, 123 (1st Cir. ________ _______ -2- 1964), cert. denied, 379 U.S. 1002 (1965). Rather, Bradley's _____ ______ sole remedy is through the procedures established by the Veterans Judicial Review Act, Pub. Law No. 100-687, 102 Stat. 4105 (1988). See Hall v. U.S. Dept. of Veterans Affairs, 85 ___ ____ _______________________________ F.3d 532, 535 (11th Cir. 1996)(per curiam).  Bradley's contention that 38 U.S.C. 511(a) violates Article III and his right of access to the courts is frivolous. See Marozsan v. United States, 90 F.3d 1284, 1288 ___ ________ _____________ (7th Cir. 1996). Accordingly, the judgment of dismissal is summarily affirmed. See Local Rule 27.1. ________ ___ -3-