129 F.3d 1267
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Rudolph LUCIEN, Plaintiff-Appellant,
v.
Howard A. PETERS, George C. Welborn, Defendant-Appellees.
 No. 95-1855.
 United States Court of Appeals, Seventh Circuit.
 Submitted Nov. 20, 1997.[1]
 
 Before Hon. RICHARD A. POSNER, Chief Judge, Hon. WILLIAM J. BAUER, and Hon. TERENCE T. EVANS, Circuit Judges.
 
 ORDER
 
 1
 Rudolph Lucien filed a civil rights action pursuant to 42 U.S.C. § 1983 against the warden of the Pontiac Correctional Center (Peters) and the warden of the Menard Correctional Center (Welborn), both in Illinois, alleging: (1) retaliatory transfer from Pontiac to Menard in retaliation for his litigation against various prison officials, (2) the raising of his security classification (from "low escape risk" to "high escape risk") at Pontiac, and again (from "high escape risk" to "extremely high escape risk") after being transferred to Menard, in retaliation for his litigation; (3) equal protection violations; (4) conspiracy to increase his escape risk designation and transfer him to another prison; and (5) a violation of the Eighth Amendment arising out of his being double-celled with another "extreme high escape risk" prisoner. Lucien sought compensatory and punitive damages, and injunctive relief.
 
 
 2
 The district court converted defendants' motion for judgment on the pleadings, Fed.R.Civ.P. 12(c), to a motion for summary judgment, Fed.R.Civ.P. 56. The magistrate judge recommended granting summary judgment in favor of defendants as to all claims but the due process and retaliation claims. The district court adopted in part and rejected in part those recommendations, granting defendants' motion for summary judgment on all claims but those alleging equal protection violations, due process violations, and retaliation claims.
 
 
 3
 An evidentiary hearing was held on the remaining claims before a magistrate judge, who found that Lucien had failed to prove retaliatory motive for the discipline and transfer decisions affecting him; and failed to prove that any equal protection violation occurred. The district court adopted these findings, and entered judgment in favor of defendants. Lucien appeals from that final judgment.
 
 
 4
 Lucien challenges the district court's ruling that it did not have authority to advance or waive witness fees to be tendered with subpoenas for certain non-inmates Lucien wished to testify at the evidentiary hearing. We agree with the district court there is no statutory authority for advancing or waiving witness fees in civil cases brought by indigent plaintiffs pursuant to 28 U.S.C. § 1915(b). Marozsan v. United States, 90 F.3d 1284 (7th Cir.1996). Nor is the court required to call these witnesses as its own under Fed.R.Evid. 614(a).
 
 
 5
 In reviewing judgment entered following a bench trial, we will overturn the district court's findings of fact only if they are clearly erroneous. Thornton v. Brown, 47 F.3d 194, 196 (7th Cir.1995); Lange v. United States, 31 F.3d 535, 539 (7th Cir.1994). Retaliating against an inmate for exercising his right of access to the courts violates the right of access to courts under the First Amendment and the substantive due process clause of the Fourteenth Amendments. Black v. Lane, 22 F.3d 1395, 1402 (7th Cir.1994). In order to prove retaliation, the inmate must show that defendants' conduct was motivated by retaliation for the exercise of his First Amendment rights. Retaliatory motive may be inferred from the chronology of events. Cain v. Lane, 857 F.2d 1139, 1143 n. 6 (7th Cir.1988); Murphy v. Lane, 833 F.2d 106, 108-109 (7th Cir.1987). The district court found, and defendants concede, that Lucien has adequately shown a chronology of events which could support a finding of retaliation. However, Lucien's evidentiary problems arise from his failure to adequately show the type of knowledge and personal involvement required to establish retaliatory motive.
 
 
 6
 Lucien failed to prove that defendants had sufficient personal involvement in any of the disciplinary actions or transfers which Lucien claims prove retaliation. For example, Vicki Hetman, the administrative assistant to Warden Peters, testified that she arranged the transfer, and that Peters had no involvement in requesting or approving the transfer of Lucien to Menard. Moreover, the evidence showed that all transfers were decided by IDOC officials in Springfield, not by the wardens. And it was Alan Saddoris, a clinical supervisor at Pontiac, not Peters, who approved the decisions of the disciplinary board. Respondeat superior or supervisor liability does not apply in § 1983 claims. Del Raine v. Williford, 32 F.3d 1024, 1047 (7th Cir.1994). In addition, Welborn testified that he based the security classification on recommendations by his staff, which in turn was based on Lucien's having been disciplined for an attempted escape. This evidence fails to show a retaliatory motive.
 
 
 7
 Lucien also failed to prove that defendants knew, at the relevant times, of Lucien's litigation against prison officials, particularly his identity as "Inmate A" in a class action suit, Inmate A v. Peters, No. 89-2047 (C.D.Ill.),[2] challenging conditions of confinement at Pontiac. Lucien offered nothing but his own assertion that any prison official knew he was "Inmate A." In addition, Welborn testified that when Lucien came to Menard, Welborn did not know that he had filed litigation against any prison officials, or that he was "Inmate A" in the suit against Pontiac officials; that he had never met Lucien; and that he had never been sued by Lucien.
 
 
 8
 We agree with the district court that Lucien failed to prove any equal protection violation. Lucien makes several types of equal protection claims, which we now address. The evidence he produced at the evidentiary hearing held before the magistrate judge clearly showed that he fared as well as Morrissette, the inmate who was allegedly involved in the "attempted escape" with Lucien. The were both given one year in segregation, one year demotion to C grade, revocation of one year of good time credits, and a "high escape risk" designation.
 
 
 9
 Lucien's evidence that two inmates found guilty of escape attempts had classifications different than his own also failed to establish an equal protection violation because there was scant evidence of the disciplinary histories and other circumstances relating to these inmates. In any event, the Equal Protection Clause does not guarantee absolute equality or precisely equal advantages. French v. Heyne, 547 F.2d 994, 997 (7th Cir.1976). For the same reasons that the evidence presented by Lucien failed to state a retaliatory motive, it fails to show a discriminatory motive on the part of defendants in their decisions relating to Lucien's discipline and transfer. See Meriwether v. Faulkner, 821 F.2d 408 (7th Cir.1987) (equal protection violation requires proof of intentional or purposeful discrimination).
 
 
 10
 Lucien supported his claim that he was not permitted to possess black clothing, while other inmates were seen wearing all black clothing, by introducing into evidence a photograph showing an inmate wearing black clothing with an emblem of Batman on the shirt. Randolph explained, however, at the evidentiary hearing that Pontiac prohibited clothing which was entirely black. Moreover, the black clothing was not the sole basis for the attempted escape finding. Prison officials also relied on a tip that Lucien, Morrissette, and a third inmate were talking about an escape, and relied on the fact that they found Morrissette in possession of a rope, cash, and a hacksaw blade.
 
 
 11
 Lucien also alleged that he was treated differently than other inmates assigned to the same cellhouse during lockdowns, by not being permitted to exercise, see visitors, make telephone calls, receive showers, receive cleaning materials, have his cell sprayed for vermin, and by being restricted in his use of the law library. Again, there is no showing that defendants were personally aware of these conditions, or used them as a means to violate Lucien's constitutional right to equal protection of the law
 
 
 12
 Or April 30, 1993, the district court entered summary judgment in favor of defendants on Lucien's conspiracy claim, which appears to also involve a challenge to the escape risk designation system itself, and his cruel and unusual punishment claim. Lucien does not identify this order in his notice of appeal, nor does he mention either the order or the claims in the "jurisdictional statement' or "summary of argument" sections of his appellate brief Lucien also does not attach the April 3 0, 1993 order to his appellate brief We find these claims have been waived for purposes of appeal.
 
 
 13
 Lucien's motion to voluntarily dismiss a third defendant, Austin Randolph, Shift Commander at Pontiac, was granted. The district court apparently did not rule on Lucien's later attempts to rescind his request, stating that his "motion was based upon Defendant Randolph's responses to discovery," but that "during the evidentiary hearing Defendant Randolph testified to facts demonstrating his involvement in this cause of action." We remand in part as to this issue only, to permit the district court to rule on this motion.[3]
 
 
 14
 Accordingly, the judgment of the district court is AFFIRMED in part, and REMANDED in part with directions to rule on Lucien's motion to withdraw his request to dismiss Randolph as a defendant.
 
 
 
 [1]
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary; accordingly, the appeal is submitted on the briefs and the record. See Fed.R.App.P. 34(a); Cir.R. 34(f)
 
 
 [2]
 A Consent Agreement was entered in this class action suit on March 15, 1995, and a monitor now regularly reports to the court on conditions at Pontiac
 
 
 [3]
 Although there appear to be several other motions which the district court did not explicitly rule on, Lucien does not raise the problem in his appellate brief, and in fact asserts that he is appealing from a final judgment. Moreover, the motions largely involved requests that the court take judicial notice of various documents, all or most of which were entered as exhibits at the evidentiary hearing, and we presume these documents were considered along with all the evidence as part of the district court's finding that Lucien had failed to prove his civil rights claims