**Louis F. GAINES, Plaintiff–Appellant,**

v.

**WHITE RIVER ENVIRONMENTAL PARTNERSHIP, et al., Defendants–Appellees.**

No. 00–3802.

United States Court of Appeals, Seventh Circuit.

Submitted March 5, 2001.

Decided March 23, 2001.

Rehearing Denied May 17, 2001.

Before EASTERBROOK, MANION, and DIANE P. WOOD, Circuit Judges.

ORDER

Louis Gaines, an African–American employed as an Operation Specialist for de-

fendant White River Environmental Partnership (WREP), filed this employment discrimination suit in December 1998 under Title VII, 42 U.S.C. § 2000e *et seq.;* the Age Discrimination in Employment Act, 29 U.S.C. §§ 621–634; and 42 U.S.C. § 1981. The district court granted summary judgment for the defendants, holding that Gaines had not established a prima facie case of discrimination. Gaines appeals and we affirm.

Gaines has held his job at WREP since January 1994. In 1997 WREP began sending Operation Specialists by airplane to training sessions in Cleveland, Ohio. Gaines wanted to travel by car or bus and sent numerous e-mails about the issue to over 30 coworkers and supervisors. Gaines was warned repeatedly that he was using the e-mail system inappropriately by airing the dispute among numerous uninvolved coworkers, and that he should limit future e-mails to no more than five recipients. When Gaines continued to send mass e-mails, he received a written reprimand, and the incident was noted in his 1997 annual evaluation.

Gaines believes this discipline evidenced discrimination, and after filing four charges with the EEOC, he sued in December 1998 alleging age and race discrimination. His complaint sets forth 17 events that Gaines believes demonstrate that WREP is discriminating against him and maintaining a "Hostile Working Environment." The bulk of the allegations relate to his e-mail abuses and to decisions about shift rotations and training sessions. Soon after Gaines filed suit, WREP announced that all 10 of its Operation Specialists would be required to work at least 28 days per year in the Solids Handling department. Gaines describes this as the most dangerous department at WREP and alleges that WREP transferred him to retaliate for his December 1998 lawsuit.

The district court granted summary judgment to WREP in September 2000. The court found that many of the events upon which Gaines based his discrimination claim could not be considered because they did not occur within 300 days prior to his filing charges with the EEOC, or because they were not included in the charges. With respect to the claims that remained, the court concluded that Gaines could not establish a *prima facie* case of discrimination because none led to or demonstrated an adverse employment action. The court also found that there was no evidence to support Gaines's contention of a hostile work environment or that WREP had retaliated against Gaines for filing suit. Finally, the court denied WREP's motion for sanctions and indicated that WREP was entitled to costs. In a later order, it set the amount of costs Gaines had to pay at $2,388.17.

On appeal Gaines merely reasserts that WREP discriminated against him. The district court correctly concluded, however, that Gaines failed to establish a *prima facie* case of discrimination, because none of his allegations demonstrate a material change in the terms or conditions of his employment. See *Fyfe v. City of Fort Wayne, Ind.,* 241 F.3d 597 (7th Cir.2001); *Rabinovitz v. Pena,* 89 F.3d 482, 488 (7th Cir.1996). The only specific allegations warranting mention relate to the letter of reprimand and negative performance review Gaines received because of the e-mail incident, and to his transfer to a different shift. None of these incidents constitutes adverse employment action. See, *e.g., Smart v. Ball State Univ.,* 89 F.3d 437, 441–42 (7th Cir.1996); *Flaherty v. Gas Research Inst.,* 31 F.3d 451, 456 (7th Cir. 1994). Furthermore, even if Gaines had set forth a *prima facie* case, he has provided no argument that WREP's reasons for its actions are pretextual, instead arguing (er-

roneously) that he is not required to show a genuine issue of fact relating to pretext.

■ Gaines also asserts that Judge McKinney was biased against him. Gaines filed a motion for recusal in the district court under 28 U.S.C. § 144 in January 1999. When Gaines attempted to challenge the denial of that motion through a petition for a writ of mandamus, we informed Gaines that the issue was more properly raised on an appeal from a final judgment but warned him that his bias theory appeared meritless because it was based solely on adverse rulings that Judge McKinney rendered on his motions. See *Gaines v. White River Environmental Partnership*, Nos. 99–1422, 99–3899, 99–4048, 99–2111, 2000 WL 6199, at *2 (7th Cir. January 3, 2000); *Marozsan v. United States*, 90 F.3d 1284, 1290 (7th Cir.1996). Gaines's allegations against Judge McKinney once again consist of nothing more than complaints about adverse rulings and therefore we reject them for failure to satisfy the requirements of § 144.

Gaines further alleges that WREP's counsel made false and misleading statements to Gaines and filed false and misleading documents with the court which prevented him from establishing his case. He requests that we sanction WREP for these activities. Gaines has not supported this argument by identifying as much as a single false document or statement in the record. We thus find no error in the district court's rejection of his request for sanctions.

■ Gaines also complains that the district court assessed the costs of Gaines's suit against him. Although the time for filing a notice of appeal directed to the order fixing the amount of costs has long since expired, Gaines is arguing only that the part of the district court's order on summary judgment establishing WREP's entitlement to costs is erroneous. That issue is properly before us. See, *e.g., John v. Barron*, 897 F.2d 1387, 1390 (7th Cir. 1990). Nonetheless, we review such a ruling only for an abuse of discretion and find none here. See *Manley v. City of Chicago*, 236 F.3d 392, 398 (7th Cir.2001).

Finally, we note that Gaines's spurious allegations against Judge McKinney and defense counsel are nothing new. Over the two-year life of this case, Gaines filed at least 47 motions in the district court, many of them repetitive and most of them alleging improprieties by Judge McKinney and defense counsel. Gaines has also filed a total of six appeals and two petitions for writs of mandamus prior to this appeal challenging the denial of these motions, and in most of these filings he repeated his allegations of impropriety. We warned Gaines that his allegations against Judge McKinney were groundless and that future challenges to interlocutory orders would lead to sanctions. *See Gaines*, 2000 WL 6199, at *2. When Gaines filed another appeal challenging interlocutory orders, we sanctioned him $100. Despite these warnings, Gaines has continued his strategy on direct appeal. In a matter of two months, he has already filed four motions with this court, all of which were denied. Gaines's brief barely addresses the merits of his underlying discrimination claim, which is perhaps not surprising given how weak that claim is. Instead his brief reiterates his baseless allegations against Judge McKinney and defense counsel. Such behavior will not be tolerated, even from a *pro se* litigant, and therefore we order Gaines to show cause within 14 days from this order why sanctions should not be imposed against him under Federal Rule of Appellate Procedure 38.

For the foregoing reasons, we AFFIRM the grant of summary judgment to WREP.

All pending motions in this case are DE-NIED.