**Louis F. GAINES, Plaintiff–Appellant,**

v.

**WHITE RIVER ENVIRONMENTAL
PARTNERSHIP, et al., Defendants–
Appellees.**

No. 02–3849.

United States Court of Appeals,
Seventh Circuit.

Submitted March 27, 2003.*

Decided April 4, 2003.

Rehearing and Rehearing En Banc
Denied May 12, 2003.

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

Before POSNER, MANION, and WILLIAMS, Circuit Judges.

### ORDER

Louis Gaines began working for the defendants ("White River") at their wastewater treatment plant in 1994. Since then, he has repeatedly sued White River for discrimination, resulting in several appeals that we have previously resolved. *See, e.g., Gaines v. White River Environ. P'ship,* 6 Fed.Appx. 345 (7th Cir.2001). In this lawsuit Gaines argues that he has been the victim of discrimination and retaliation, especially in regard to several key decisions made by White River–their alleged failure to promote him and their transferring him temporarily to a less desirable (and more dangerous) department. The district court granted summary judgment to the defendants. We affirm.

After exhausting his administrative remedies by filing charges of discrimination with the EEOC and receiving right-to-sue letters, Gaines, an African–American in his 50s, filed this suit against White River. Gaines' complaint alleges numerous instances of discrimination, including that White River paid him less than white employees, credited him with less seniority than white employees, and assigned him additional undesirable duties. He argues that this conduct violated several civil rights statutes, including 42 U.S.C. § 1981, Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et. seq.*, and 42 U.S.C. § 1983, and the Occupational Safety and Health Act, 29 U.S.C. §§ 651–78. (Gaines' complaint makes some additional allegations that he first raised in an EEOC charge filed in August 2001. But we have found no right-to-sue letter issued to Gaines on that charge in the record, and therefore those allegations appear to have been made prematurely.) Both parties subsequently filed cross-motions for summary judgment.

The district court granted summary judgment for White River on all of Gaines' claims, and at the same time denied Gaines' summary judgment motion. The court held that many of Gaines' claims were time-barred either because he filed the EEOC charges containing those claims too late, or because he waited too long to file suit after receiving a right-to-sue letter. The court also held that Gaines failed to establish a *prima facie* case of discriminatory treatment under Title VII, the ADEA or § 1981, and had failed to establish a *prima facie* case of retaliation. Finally, the court held that Gaines failed to establish a claim under either § 1983 (because White River was not a state actor) or OSHA (because OSHA provides no private right of action).

Gaines argues first (without elaboration) that all of his discrimination and retaliation claims were timely and that the district court erred when it concluded that some were time-barred. Title VII and the ADEA, however, require plaintiffs to meet strict deadlines: in Indiana, EEOC charges must be filed within 300 days of the alleged incident of race or sex discrimination, and within 180 days of the alleged incident of age discrimination. *EEOC v. N. Gibson Sch. Corp.,* 266 F.3d 607, 617 (7th Cir.2001) (ADEA); *Minor v. Ivy Tech State College,* 174 F.3d 855, 857 (7th Cir. 1999) (Title VII). Gaines waited until 2001 to file charges stemming from White River's alleged failure in 1994 and 1995 to offer him the same pay and seniority it offered white employees, well in excess of

the 300–day limit for Title VII claims and 180–day limit for ADEA claims. Gaines also missed the deadline to file suit in the district court on his claim based upon his transfer to a less desirable department. After the EEOC issued his right-to-sue letter on that claim in July 1999, Gaines had 90 days to file suit in the district court, *see Grayson v. O'Neill,* 308 F.3d 808, 817 (7th Cir.2002), but he waited more than two years (until August 2001) before doing so. We agree with the district court that these claims are time-barred.

We disagree with the court, however, that the time for filing had lapsed on another claim–based upon White River's alleged decision in October 2000 to promote a white employee rather than Gaines. Gaines filed the charge in January 2001– within both the 180–day deadline for filing a claim based upon·age discrimination and the 300–day limit for filing a claim based on race or sex discrimination. He also timely filed this complaint in August 2001, less than 90 days after receiving his right-to-sue letter in May 2001. Therefore this failure-to-promote claim is not time-barred.

Although many of Gaines' claims are time-barred, he made other claims of discrimination and retaliation that are timely (in addition to his failure-to-promote claim). Most of these other claims involved changes in his work assignment or reprimands for disobeying orders. As for the merits of his timely claims, Gaines submitted no evidence under the direct method of proving discrimination or retaliation and, therefore, must proceed under the indirect method articulated in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). Under that approach, Gaines must first establish a *prima facie* case. The elements that Gaines must demonstrate to establish a *prima facie* case vary by claim,

but one requirement common to all of Gaines' claims is that he offer evidence that he suffered an adverse employment action. *See, e.g., Lalvani v. Cook Co., Ill.,* 269 F.3d 785, 789 (7th Cir.2001) (discrimination under Title VII or § 1981); *Koski v. Standex Int'l Corp.,* 307 F.3d 672, 676 (7th Cir.2002) (discrimination under ADEA); *Stone v. City of Indianapolis Pub. Utils. Div.,* 281 F.3d 640, 644 (7th Cir.), *cert. denied,* 537 U.S. 879, 123 S.Ct. 79, 154 L.Ed.2d 134 (2002) (retaliation).

■ We agree with the district court's determination that Gaines failed to establish that he had suffered any adverse employment action. Most of the employment actions he challenges in this suit–the changed work assignments and reprimands–resemble actions we reviewed in one of his prior appeals. As we discussed in our prior order, none of these actions amounted to adverse employment actions because they did not materially change the terms or conditions of his employment. *See, Gaines,* 6 Fed.Appx. at 345–46; *see also Tyler v. Ispat Inland, Inc.,* 245 F.3d 969, 972–73 (7th Cir.2001); *Oest v. Ill. Dep't of Corr.,* 240 F.3d 605, 613 (7th Cir. 2001).

■ The only act that Gaines identified in this complaint that differs from the acts he alleged in his previous suit is White River's alleged decision to promote a white employee over him. Gaines admits, however, that he never applied for the promotion even though he knew about the opportunity to do so. (Plaintiff's Statement of Material Facts Not In Dispute at ¶¶ 31–32). To establish that White River's failure to promote him amounted to an adverse employment action, Gaines must demonstrate that he applied for the promotion. *Grayson,* 317 F.3d at 748. His admission that he did not leaves him unable to establish a *prima facie* case, and the district court therefore correctly grant-

ed summary judgment to White River on his Title VII, § 1981, and ADEA claims.

Summary judgment on Gaines' remaining two claims was also appropriate. First, Gaines submitted no evidence (and has not even argued) that White River acted under color of state law for purposes of his § 1983 claim. *Gayman v. Principal Fin. Servs., Inc.*, 311 F.3d 851, 852 (7th Cir.2002). Second, Gaines cannot state a claim under OSHA because that statute offers him no private right of action. *Am. Fed. Of Gov't Employees, AFL–CIO v. Rumsfeld*, 321 F.3d 139, 144–45 (D.C.Cir. 2003); *Mason v. Ashland Exploration, Inc.*, 965 F.2d 1421, 1425 (7th Cir.1992).

Finally, we note that we sanctioned Gaines in two of his previous appeals, once for appealing interlocutory orders and a second time for making spurious allegations against the district judge and defense counsel. While his arguments in this appeal do not repeat his earlier errors, they border on the frivolous. We therefore warn Gaines that any future appeal that raises frivolous arguments will result in further sanctions.

Accordingly, we affirm the judgment of the district court.