**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted August 16, 2006[*]
Decided August 17, 2006

**Before**

Hon. RICHARD A. POSNER, *Circuit Judge*

Hon. MICHAEL S. KANNE, *Circuit Judge*

Hon. ILANA DIAMOND ROVNER, *Circuit Judge*

No. 06-1905

| | |
|---|---|
| MICHAEL WESLEY FRIERSON-HARRIS, *Plaintiff-Appellant,* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division |
| v. | No. 06 C 929 |
| ROBERT E. KALL, et al., *Defendants-Appellees.* | Charles R. Norgle, Sr. *Judge.* |

**O R D E R**

Michael Wesley Frierson-Harris and Aixa Alfonso dissolved their marriage in the Circuit Court of Cook County, Illinois. In February 2004, several months after entry of the final order of dissolution, the state court ordered Harris to pay Alfonso's attorneys' fees. Harris filed a notice of appeal in the state appellate court challenging that order, but the appeal was subsequently dismissed for want of prosecution. Harris, dissatisfied with the outcome of the state court proceedings, then filed this *pro se* lawsuit in federal court under 42 U.S.C. § 1983, alleging that

---

[*]After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus the appeal is submitted on the briefs and the record. *See* Fed. R. App. P. 34(a)(2).

Alfonso and her attorneys "conspired" with the state judge to secure the award of attorneys' fees. The district court dismissed the suit for lack of jurisdiction under the *Rooker-Feldman* doctrine. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District Court of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). Harris appeals, and we affirm.

According to Harris's complaint, Alfonso and her attorneys, Robert Kall and Michael Tristano, entered into a conspiracy with the presiding judge to "unlawfully" impose a judgment against Harris. Specifically, Harris claimed that the defendants and the judge "knowingly came to an agreement" to conspire when the judge accepted Kall's argument that the fee petition had been timely filed despite Harris's arguments to the contrary. The conspiracy continued, Harris said, when the judge accepted Alfonso's "unconfirmed testimony on her income" and entered judgment in Alfonso's favor. And it was completed when Alfonso assigned her rights in the judgment to her attorneys. The district court dismissed Harris's suit under *Rooker-Feldman,* reasoning that Harris's alleged injury "resulted from a state court judgment" and that for Harris to succeed on his § 1983 claim it would have to overturn the state court's decision.

A plaintiff cannot overcome *Rooker-Feldman* merely by incanting the word "conspiracy," but must claim that the defendants "'so far succeeded in corrupting the state judicial process as to obtain a favorable judgment.'" *Loubser v. Thacker*, 440 F.3d 439, 441 (7th Cir. 2006) (quoting *Nesses v. Shepard*, 68 F.3d 1003, 1005 (7th Cir. 1995)). In this case Harris claims that he adequately pleaded judicial corruption when he alleged generally that the defendants "conspired" with the state judge to enter an adverse judgment at Alfonso's fee petition hearing. But the specific allegations he makes place him outside of federal jurisdiction because they show that Harris merely disagreed with the state judge's rulings, not that the resulting judgment was obtained through corruption. In particular, Harris alleged that the unlawful "agreement" to enter the judgment against him came into existence when the state judge rejected his argument that the court lacked jurisdiction to hear Alfonso's fee petition. But judges generally "agree" with one side in litigation when ruling against the other; such agreements are not corruptions of the judicial process but rather byproducts of it. *Cf. In re Golant*, 239 F.3d 931, 938 (7th Cir. 2001) (explaining that adverse rulings alone are insufficient to show judicial bias); *Marozsan v. United States*, 90 F.3d 1284, 1290 (7th Cir. 1996); *Pearce v. Sullivan*, 871 F.2d 61, 63 (7th Cir. 1989). Similarly, Harris claimed that the state judge furthered the conspiracy when he admitted evidence of Alfonso's financial status over Harris's objection and entered judgment in Alfonso's favor. Again, these are allegations of adverse rulings, not of any corruption that produced them. Because it is apparent from the complaint that the basis for the "conspiracy" reaches no further than the state court's adverse rulings and not from

a dishonest judicial proceeding, the district court correctly dismissed Harris's suit as barred by *Rooker-Feldman*.

Harris's remaining challenges to the district court's dismissal are meritless.

AFFIRMED.